UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTHONY LOPEZ,

*Plaintiff*,

v.

SERGEANT J.T. DEACON; 4 JOHN DOE
OFFICERS; 1 JOHN OR JANE DOE NURSE,

*Defendants*.

No. 23-CV-7327 (KMK)

ORDER & OPINION

---

Appearances:

Anthony Lopez
Valhalla, NY
*Pro se Plaintiff*

Maurice Nwikpo-Oppong, Esq.
Office of the Attorney General for the State of New York
New York, NY
*Counsel for Defendant Sergeant J.T. Deacon*

KENNETH M. KARAS, United States District Judge:

Anthony Lopez ("Plaintiff"), proceeding pro se, brings this Complaint, pursuant to 42 U.S.C. § 1983, against Defendant J.T. Deacon ("Deacon"), four John Doe officers, and one John or Jane Doe nurse. Plaintiff alleges Deacon and one John or Jane Doe nurse violated his constitutional rights and caused him injury at Fishkill Correctional Facility ("Fishkill") by failing to intervene when four John Doe officers punched and sexually assaulted Plaintiff. (*See* Compl. 2–3 (Dkt. No. 1).) Before the Court is Deacon's Motion to Dismiss for failure to prosecute pursuant to Federal Rules of Civil Procedure 41(b) and 16(f). (*See* Not. of Mot. (Dkt. 41).) For the following reasons, the Motion is granted.

I. Background

A. Factual Background

The following facts are drawn from Plaintiff's Complaint and are assumed true for the purpose of resolving the instant Motion. *See Roe v. St. John's Univ.*, 91 F.4th 643, 651 (2d Cir. 2024).

Plaintiff, who was incarcerated at all times at issue in this Action, alleges that on August 21, 2020, at approximately 7:08 AM, he was "having a mental breakdown" and "passed out in [his] cell." (Compl. 4.)[1]  In response, "John Doe officers came into [P]laintiff['s] cell, cuffed [P]laintiff" while he was still "passed out[,] and brought [P]laintiff to the front of" his cellblock. (*Id.*)  Neither the unnamed officers nor the named Defendant, Seargeant Deacon (who was apparently present during this incident), called in a medical emergency in response to Plaintiff's passing out.  (*Id.*)  Instead, Plaintiff was placed on suicide watch and taken to another cell "to be strip frisk[ed]."  (*Id.* at 4–5.)  Deacon ordered the unidentified officers to strip search Plaintiff, and in response to Deacon's orders, the other officers "started to punch [P]laintiff on the body[,] causing bruising."  (*Id.* at 5.)  Deacon did not intervene to stop the assault.  (*Id.*)  The officers then "placed [P]laintiff on the bed to cut his clothes off[,]" despite Plaintiff's protestations that he could remove his clothes by himself.  (*Id.*)  One of the unnamed officers then "spread [P]laintiff['s] buttocks and performed a cavity search into [P]laintiff['s] anus" while Deacon and the other unnamed officers "failed to stop the sexual assault."  (*Id.*)  Plaintiff was then escorted to a different cell and later to the infirmary, where one John or Jane Doe nurse failed to evaluate Plaintiff's claims of sexual assault.  (*Id.*)  As a result of these events, Plaintiff "sustained bruising

---

[1] For filings that do not contain page numbers, the Court cites to the ECF pagination in the upper right-hand corner of the document.

all over his body, tearing of [his] anus, and mental distr[ess]" from the "traumatizing incident." (*Id.* at 6.)

Plaintiff lists several causes of actions in his Complaint. The Court construes them as follows: Plaintiff asserts an Eighth Amendment excessive force claim against the four John Doe officers in connection with the strip search and sexual assault. (*Id.* at 7–8.) Plaintiff also asserts an Eighth Amendment deliberate indifference claim against Deacon for not intervening to stop the other officers' use of excessive force. (*Id.*) Lastly, Plaintiff asserts an Eighth Amendment claim against one John or Jane Doe Nurse for deliberate indifference to Plaintiff's injuries.[2] (*Id.* at 8.)

B. Procedural Background

Plaintiff filed his Complaint on August 17, 2023. (*See* Compl.) On October 10, 2023, the Court issued an Order pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), requiring the New York State Attorney General to provide the names of the John Doe Officers and John or Jane Doe Nurse to Plaintiff within sixty days. (Order of Service 2 (Dkt. No. 8).) A summons for Deacon was issued on October 19, 2023. (*See* Summons (Dkt. No. 10).) On December 26, 2023, Plaintiff informed the Court that he had not received a response from the Attorney General's office ("OAG") regarding the identities of the unnamed Defendants. (*See* Letter from

---

[2] Plaintiff references the Fourteenth Amendment, in addition to the Eighth Amendment, in stating his cause of action against the unnamed Nurse. However, the Court will analyze this claim under only the Eighth Amendment because the Fourteenth Amendment applies exclusively to a *pre-trial* detainee's claim for deliberate indifference to serious medical needs. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (recognizing that deliberate indifference claims of sentenced inmates are considered under the Eighth Amendment while deliberate indifference claims of pre-trial detainees are considered under the Fourteenth Amendment); *Redd v. Garrell*, No. 18-CV-9436, 2023 WL 2712373, at *8, n.8 (S.D.N.Y. Mar. 30, 2023) (citation omitted) ("The Fourteenth Amendment only applies to a pre-trial detainee's claim for deliberate indifference to serious medical needs.").

Pl. to Court (Dec. 26, 2023) (Dkt. No. 12).)  The Court directed the OAG to respond to its

*Valentin* Order within thirty days.  (*See* Order (Dkt. No. 14).)

On March 28, 2024, it came to the Court's attention that the *Valentin* Order and

subsequent memo endorsement requesting a response had not been mailed to the OAG, and the

Court issued another order to have the *Valentin* order mailed to the OAG's office.  (*See* Order

(Dkt. No. 19).)  On April 25, 2024, the OAG filed a response to the *Valetin* Order, identifying

the names of five individuals believed to be the John and Jane Does in Plaintiff's Complaint.

(*See* Letter from Maurice Nwikpo-Oppong, Esq. to Court (Apr. 25, 2024) (Dkt. No. 20).)  On

June 3, 2024, Plaintiff requested an extension of time to amend his complaint to include the

identities of the unnamed Defendants, (*see* Letter from Pl. to Court (June 3, 2024) (Dkt. No. 21)),

and the Court gave Plaintiff until July 15, 2024 to amend his Complaint, (*see* Order (Dkt. No.

22)).  However, Plaintiff failed to amend his Complaint or request an additional extension of

time to do so by July 15, 2024.  (*See generally* Dkt.)

On August 14, 2024, Deacon answered Plaintiff's Complaint.  (Answer to Compl. (Dkt.

No. 27).)  The Court scheduled an initial pre-trial conference for October 16, 2024, but Plaintiff

failed to appear.  (Decl. of Maurice Nwikpo-Oppong, Esq. ("Nwikpo-Oppong Decl.") ¶ 21 (Dkt.

No. 43).)  The Court proceeded to set a Case Management and Scheduling Order, (*see* Order

(Dkt. No. 30)), and referred the case to Magistrate Judge Judith McCarthy for pre-trial

proceedings, (*see* Order (Dkt. No. 31)).  Judge McCarthy set an in-person status conference for

December 16, 2024.  (*See* Order (Dkt. No. 32).)

On October 30, 2024, Deacon served his Rule 26(A) Initial Disclosures on Plaintiff.  (*See*

Nwikpo-Oppong Decl. ¶ 25.)  Additionally, on November 13, 2024, Deacon served his First Set

of Interrogatories and First Set of Document Requests upon Plaintiff.  (*Id.* ¶ 26.)  Plaintiff did not

respond to Deacon's discovery requests by the thirty-day deadline imposed by Fed. R. Civ. P. 33 and 34, and he did not request additional time to respond to these requests. (*See generally* Dkt.)

On December 16, 2024, Counsel for Deacon appeared at the in-person status conference before Judge McCarthy, but Plaintiff failed to appear. (*See* Dkt. (minute entry for Dec. 16, 2024).) Judge McCarthy set a second status conference for January 8, 2025, reminded Plaintiff "of his affirmative duty to diligently prosecute this action[,]" and warned Plaintiff that "failure to appear at the next conference may result in sanctions, including, but not limited to, dismissal of this case for failure to prosecute." (*Id.*; *see also* Scheduling Order (Dkt. No. 33).)

During the January 8, 2025 conference, Plaintiff appeared and expressed a desire to amend his Complaint to include the names of the John Doe officers and John or Jane Doe nurse. (*See* Dkt. (minute entry for Jan. 8, 2025).) Deacon opposed Plaintiff's request because Plaintiff had failed to amend his Complaint by the Court's original July 15, 2024 deadline and argued that it would be prejudicial for five more defendants to be added when fact discovery was set to end on February 13, 2025. (*Id.*) Judge McCarthy extended the end of fact discovery to March 13, 2025 and informed Plaintiff that only this Court could grant him leave to amend his Complaint. (*Id.*; Deacon's Mem. of Law in Supp. of Mot. To Dismiss ("Deacon's Mem.") 4 (Dkt. No. 42).) Plaintiff subsequently filed a motion requesting leave to amend his Complaint on January 17, 2025, (Letter from Pl. to Court (Jan. 17, 2025) (Dkt. No. 34)), which Deacon opposed, (Letter from Maurice Nwikpo-Oppong, Esq. to Court (Jan. 29, 2025) (Dkt. No. 36)). On January 29, 2025, the Court ordered Plaintiff to explain his reason for ignoring the Court's prior deadline to amend his Complaint by February 11, 2025, and cautioned that there would be "no extensions of this deadline and failure to honor it will result in a denial of leave to file an amended complaint." (Order 2 (Dkt. No. 37).) Despite this warning, Plaintiff did not respond. (*See generally* Dkt.)

Plaintiff also failed to appear for subsequent status conferences with Judge McCarthy.  (*See* Dkt. (minute entry for Feb. 13, 2025); Dkt. (minute entry for Feb. 28, 2025).)  Fact discovery closed on March 13, 2025, without Plaintiff ever responding to Deacon's discovery demands.  (*See generally* Dkt.)

On April 24, 2025, Deacon filed the instant Motion to Dismiss for Lack of Prosecution. (Mot. to Dismiss for Lack of Prosecution (Dkt. No. 41).)  On May 5, 2025, Plaintiff filed a response in which he "kindly request[ed] that the Court permit [his] case to remain open." (Letter from Pl. to Court (May 5, 2025) (Dkt. No. 44).)  Plaintiff also informed the Court that he had been "unable to appear" for recent proceedings "due to not receiving notice of the required appearance[,]" which had been sent to his previous address.  (*Id.*)  Plaintiff claimed to have previously submitted notice of his updated address, (*id.*), but the Court could not find record of any such notice on the docket, (*see generally* Dkt.).  On May 30, 2025, the Court informed Plaintiff that his "two-sentence opposition to D[eacon]'s Motion is insufficient" and directed Plaintiff "to file a substantive Opposition brief to [Deacon's] pending Motion by no later than June 13, 2025[.]"  (Order 2 (Dkt. No. 45).)  Again, Plaintiff did not respond by the Court's deadline.  (*See generally* Dkt.)  On June 27, 2025, the Court granted Deacon's request to consider the Motion fully submitted and stated it would "decide [Deacon's Motion] on the merits."  (Order 1 (Dkt. No. 47).)

On August 1, 2025, Plaintiff requested copies of all filings in the case, (Letter from Pl. to Court (Aug. 1, 2025) (Dkt. No. 50)), and asked the Court "inform [him] of what is the next step [in] this [c]ivil matter so [that] we can move on, (Letter from Pl. to Court (Aug. 19, 2025) (Dkt. No. 51)).  In his second letter, Plaintiff expressed that he was "ready to move on to the next step[,] either a settlement or get[ting] prepa[]red for trial[,]" (*id.*), which the Court interpreted as

Plaintiff expressing a desire to re-engage with this Action.  In response, on October 24, 2025, the

Court ordered Plaintiff to show cause as to why his case should not be dismissed for failure to

prosecute.  (*See* Order (Dkt. No. 53).)  On December 11, 2025, Deacon notified the Court of

Plaintiff's failure to respond to this Order.  (Letter from Maurice Nwikpo-Oppong, Esq. to Court

(Dec. 11, 2025) (Dkt. No. 54).)

## II.  Discussion

Deacon asks the Court to dismiss the instant Action for failure to prosecute and failure to

participate in discovery.  (*See* Deacon's Mem. 8–12.)  The Court previously deemed the Motion

fully briefed and said it would decide the Motion on the merits, (*see* Order (Dkt. No. 47)), which

it does below.

## A.  Failure to Prosecute

This Court has the authority to dismiss a case for failure to prosecute.  *See* Fed. R. Civ. P.

41(b).  Rule 41(b) of the Federal Rules of Civil Procedure provides that an action may be

involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court

order."  *Id*.  While dismissal under Rule 41(b) is subject to the sound discretion of the district

court, *see United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004),

the Second Circuit has stated that a Rule 41(b) dismissal is a "'harsh remedy' . . . reserved for

'extreme situations.'"  *United States ex rel. Weiner v. Siemens AG*, 87 F.4th 157, 163 (2d Cir.

2023) (quoting *Minette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).  The Second

Circuit has further cautioned that pro se litigants should be afforded "special solicitude" that

"includes leniency in the application of procedural rules."  *Rosa v. Doe*, 86 F.4th 1001, 1007 (2d

Cir. 2023) (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

"However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is

warranted where the Court gives warning." *Phillips v. White Plains Hosp.*, No. 23-CV-11326, 2025 WL 1745850, at *1 (S.D.N.Y. June 24, 2025) (quoting *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008)). Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) . . . the efficacy of lesser sanctions.

*Crispin v. Roach*, No. 24-CV-460, 2025 WL 1364089, at *1 (2d Cir. May 12, 2025) (summary order) (quoting *Ruzsa v. Rubenstein & Sendy Att'ys at Law*, 520 F.3d 176, 177 (2d Cir. 2008)). "No single factor is dispositive." *Wade v. Nassau County*, 674 F. App'x 96, 97 (2d Cir. 2017) (summary order) (citing *Drake*, 375 F.3d at 254).

The Court concludes that these factors weigh in favor of dismissal of the Action. First, Plaintiff has failed to engage with the Court since August 19, 2025. (*See generally* Dkt.) This delay of over five months is longer than the delays other courts have confronted when dismissing a pro se plaintiff's case for failure to prosecute. *See Early v. Little Flower Child. & Fam. Serv.*, No. 23-CV-2531, 2025 WL 307138, at *1 (E.D.N.Y. Jan. 27, 2025) (finding that four months of noncompliance amounted to the pro se plaintiff's abandonment of the case); *Cutting v. Riveles Wahab LLP*, No. 23-CV-6040, 2024 WL 3833890, at *2 (S.D.N.Y. Aug. 14, 2024) (dismissing pursuant to Rule 41(b) after four months of noncompliance); *Peters v. Dep't of Corr.*, 306 F.R.D. 147, 149 (S.D.N.Y. 2015) (dismissing pursuant to Rule 41(b) after two months of pro se plaintiff's failure to respond to an order to show cause why the case should not be dismissed).

Second, Plaintiff was previously notified that further delay on his part may result in dismissal. (*See* Order (Dkt. No. 33); Order (Dkt. No. 38)); *Fang v. Mayorkas*, No. 23-CV-290,

8

2023 WL 5625475, at *2 (E.D.N.Y. Aug. 31, 2023) (noting that failure to respond to the court's notices is sufficient to support dismissal).

Third, Plaintiff's delay has prejudiced Deacon and the unnamed Defendants. Prejudice to a defendant is presumed where, as here, "a plaintiff's delay is 'lengthy and inexcusable.'" *Pepe v. Kenev Inc.*, No. 23-CV-7747, 2025 WL 370964, at *2 (S.D.N.Y. Feb. 3, 2025) (citing *Drake*, 375 F.3d at 254); *Panuccio v. Weichert Workforce Mobility, Inc.*, No. 23-CV-1366, 2025 WL 1194566, at *3 (S.D.N.Y. Apr. 22, 2025) (noting in evaluating this factor that courts are sensitive to the financial and time-related costs further delay imposes on defendants). Further, "[D]efendants . . . are likely to be prejudiced by this delay, as witness memories fade." *Santana v. Doe*, No. 21-CV-4720, 2023 WL 1490547, at *2 (S.D.N.Y. Feb. 3, 2023), *report and recommendation adopted sub nom. Santana v. Rhaman*, No. 21-CV-4720, 2023 WL 3736446 (S.D.N.Y. May 31, 2023). Thus, the third factor weighs in favor of dismissal.

Fourth, while this particular case has not congested the Court's calendar, "dismissal without prejudice is not an adjudication on the merits and balances the Court's interest in managing its docket with [Plaintiff's] interest in being heard." *Early*, 2025 WL 307138, at *1. "Further, dismissal is appropriate where a plaintiff fails to comply with the Court's directives . . . ." *Matos v. Discovery Commc'n, LLC*, No. 23-CV-2218, 2025 WL 623619, at *2 (S.D.N.Y. Feb 26, 2025) (citing *Pepe*, 2025 WL 370964, at *2 (finding that a pro se plaintiff's failure to comply with orders weighed in favor of dismissal)). While the Court is sympathetic to Plaintiff's status as a pro se litigant who has been in and out detention, it has given him multiple extensions to Court-ordered deadlines. (*See* Order (Dkt. No. 22) (granting Plaintiff additional time to amend his Complaint); Dkt. (minute entry for Jan. 8, 2025) ("[T]he Court extended the discovery deadlines . . . to March 13, 2025.").) "District [c]ourts must also diligently manage

9

their dockets and 'cannot indefinitely wait' for a plaintiff to again focus on prosecuting a case." *Salaam v. City of New York*, No. 21-CV-3172, 2022 WL 2329855, at *3 (E.D.N.Y. Apr. 5, 2022) (quoting *O'Rourke v. Nirvana*, No. 19-CV-4711, 2020 WL 1198326, at *2 (S.D.N.Y. Mar. 12, 2020)), *report and recommendation adopted*, 2022 WL 2316183 (E.D.N.Y. June 28, 2022). Accordingly, this factor also weighs in favor of dismissal.

Finally, the Court has adequately considered sanctions less drastic than dismissal and found them wanting. *See Pepe*, 2025 WL 370964, at *2 (noting that courts must consider the possibility of a less drastic sanction than dismissal). More to the point, where "a plaintiff fails to respond once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter." *Salaam*, 2022 WL 2329855, at *3; *see also Ruzsa*, 520 F.3d at 177 (affirming dismissal of a complaint for failure to prosecute when the plaintiff failed to respond to the district court's notice threatening dismissal for failure to prosecute). And the Court has previously considered lesser sanctions—repeated past extensions and warnings "of the risk of not engaging with the case" have served as "less severe measures aimed at securing [Plaintiff's] compliance and attention to the case." *Panuccio v. Weichert Workforce Mobility, Inc.*, No. 23-CV-1366, 2025 WL 1194566, at *4 (S.D.N.Y. Apr. 22, 2025). In short, the Court has repeatedly granted Plaintiff leniency and opportunities to respond to Deacon, and Plaintiff has repeatedly failed to do so. This factor weighs in favor of dismissal.

B.  Failure to Participate in Discovery

In addition to Rule 41(b), Plaintiff's failure to comply with the discovery and scheduling orders of this Court and failure to respond to Deacon's discovery requests warrants dismissal of this Action under Rule 16(f). Although pro se litigants are generally entitled to "special solicitude," they are not immune to dismissal as a sanction for noncompliance with discovery

orders. *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Triestman v. Fed. Bureau Prisons*, 470 F.3d 471, 475 (2d Cir. 2006)).

As pointed out by Deacon, "despite repeated warnings, multiple extensions, . . . [and] the threat of the issuance of sanctions, Plaintiff has failed to comply with nearly every order issued by the Court" over the past five months.  (Deacon's Mem. 11.)  For example, Plaintiff has appeared at only one of the five discovery conferences, (*see generally* Dkt.), and he has failed to respond to Deacon's timely-served discovery requests, (*see* Dkt. (minute entry for Jan. 8, 2025); *see generally* Dkt.).  Dismissal of a pro se litigant's action is appropriate "so long as a warning has been given that noncompliance can result in dismissal."  *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (citation omitted).  Throughout this Action, Plaintiff has been repeatedly warned that his non-compliance with the Court's orders could result in dismissal. (*See* Scheduling Order (Dkt. Nos 33); Order (Dkt. No. 37); Scheduling Order (Dkt. No. 38).) Accordingly, in addition to dismissal pursuant to Rule 41(b), dismissal is also warranted under Rule 16(f).

C.  Unnamed Defendants

The Court now turns to the effect of its decision on the four John Doe officers and one John or Jane Doe nurse named in Plaintiff's initial Complaint.  Plaintiff received the identities of these individuals in April 2024, (*see* Letter from Maurice Nwikpo-Oppong, Esq. to Court (Apr. 25, 2024) (Dkt. No. 20)), and the Court granted him an extension to amend his Complaint to include them as named parties, (see Order (Dkt. No. 22)).  Despite the Court's efforts to assist Plaintiff in identifying these individuals and bring them into this Action, Plaintiff has failed to comply with or otherwise respond to related Court Orders.  (*See* Order (Dkt. No. 21) (granting Plaintiff an extension to file an amended complaint that includes these individuals as named

litigants); Order (Dkt. No. 37) (ordering Plaintiff to explain why he failed to file an amended complaint in compliance with the Court's deadline).)

"The 'general principle of tort law that a tort victim who cannot identify the tortfeasor cannot bring suit' has been relaxed in actions brought by pro se litigants, but it has not been eliminated." *Dolce v. Suffolk County*, No. 12-CV-108, 2014 WL 655371, at *6 (E.D.N.Y. Feb. 20, 2014) (quoting *Valentin*, 121 F.3d at 75). In *Valentin*, the Second Circuit noted that allowing pro se plaintiffs to engage in pre-trial discovery to determine the identity of alleged wrongdoers is "the preferable view[.]" *Id.* (quoting *Maggette v. Dalsheim*, 709 F.2d 800, 803 (2d Cir. 1983)). However, Plaintiff had ample opportunity to amend his Complaint to include the identities of the unnamed Defendants, but he failed to do so, and none of these individuals appears to have been served. (*See generally* Dkt.) This performance falls short of Plaintiff's obligation to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1985) (emphasis and citation omitted); *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 1986). Accordingly, the Court's decision to dismiss Plaintiff's case for failure to prosecute also applies to the unnamed Defendants.

12

### III.  Conclusion

For the reasons set forth above, the Court grants Deacon's Motion to Dismiss for Failure to Prosecute without prejudice.  *See Washington v. Morley*, No. 21-CV-7159, 2025 WL 623618, at *3 (S.D.N.Y. Feb. 26, 2025) (dismissing case for failure to prosecute where the plaintiff had failed to amend their complaint or communicate with the court at all in several months); *Smith v. Westchester County*, No. 19-CV-1283, 2020 WL 883332, at *2 (S.D.N.Y. Feb. 24, 2020) (dismissing case for failure to prosecute after the plaintiff had been given several opportunities to file an amended complaint and failed to communicate with the court in any way).  The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 41, dismiss the case without prejudice, and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:   March 31, 2026
          White Plains, New York

_____
KENNETH M. KARAS
United States District Judge